# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GROVE FARM FISH & POI, LLC,<br><br>   Debtor. | Case No. 10-03340<br>Chapter 11 |
| GROVE FARM FISH & POI, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN R. CATES, VISIONARY, LLC, DOE DEFENDANTS 1-10,<br><br>   Defendants. | Adv. No. 11-90031<br><br><br>Re: Docket Nos. 16, 28, 39 |

## MEMORANDUM OF DECISION ON MOTIONS SET FOR AUGUST 11, 2011

These motions require me to determine whether certain claims of the parties are direct or derivative. If the claims are derivative, only the debtor may prosecute them. If the claims are direct, the debtor's members can prosecute them.

## FACTS

Debtor in possession Grove Farm Fish & Poi, LLC (the "Debtor"), filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code on November 1, 2010. The Debtor is a limited liability company, in which Mr. John

R. Cates owns forty-nine percent and Visionary, LLC ("Visionary") owns fifty-one percent of the membership interests. Prior to the bankruptcy, Mr. Cates filed suit in state court against the Debtor, Visionary, certain managers of the Debtor, and other parties with whom the Debtor had engaged in business negotiations. Some of the claims were submitted to arbitration.

Mr. Cates sought relief from the automatic stay to permit him to continue to prosecute all of his claims except for his claims against the Debtor. The Debtor and Visionary argued that the motion should be denied because the claims Mr. Cates wished to assert were mostly derivative claims which only the Debtor is entitled to assert. I denied the motion on the condition that an adversary proceeding be commenced to determine whether the claims were direct or derivative. This adversary proceeding resulted.

Mr. Cates filed motions for declaratory judgment (docket no. 28) and to dismiss Visionary's counterclaim (docket no. 16). The Debtor filed a countermotion for declaratory judgment (docket no. 39).

The motions were heard on August 11, 2011. Walter Davison and Jessica Mickelsen appeared on behalf of Mr. Cates; Michael Marsh and Ryan Hamaguchi appeared on behalf of Visionary; and Neil Verbrugge appeared on behalf of the Debtor.

The parties agree that Mr. Cates is entitled to assert direct claims that belong to him, but that any derivative claims belong to the Debtor's estate and only the Debtor can assert them. See In re Folks, 211 B.R. 378, 384 (B.A.P. 9th Cir. 1997). The parties also agree that two of Mr. Cates' claims (counts III and IX in his first amended complaint) are claims against the Debtor which this court should decide. Mr. Cates contends that all of the remaining claims are direct claims, while the Debtor and Visionary respond that all of those claims are derivative.

## DISCUSSION

Hawaii law governs because the debtor was formed under Hawaii law. N.Y. City Employees' Retirement System v. Jobs, 593 F.3d 1018, 1022 (9th Cir. 2010).

A member of a limited liability company can assert derivative claims to the same extent as a shareholder of a corporation. Haw. Rev. Stat. § 428-1101; see also Kroupa v. Garbus, 583 F.Supp.2d 949, 952 (N.D. Ill. 2008) (interpreting Delaware law).

Under Hawaii law, an action is derivative

> where the basis of the action is a wrong to the corporation . . . . If the injury is one to the plaintiff as a [shareholder] and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action.

3

Chambrella v. Rutledge, 69 Haw. 271, 280, 740 P.2d 1008, 1013 (1987) (citations and quotation marks omitted).

A shareholder may assert both direct and derivative claims in the same complaint. Chambrella, 69 Haw. at 280 n.6. The same set of facts can give rise to both direct and derivative claims.

> We recognize that an action may lie both derivatively and individually based on the same conduct. Thus, the mere presence of an injury to the corporation does not necessarily negate the simultaneous presence of an individual injury. Still, the pivotal question is whether the injury is incidental to or an indirect result of a direct injury to the corporation or to the whole body of its stock or property.

Pareto v. Federal Deposit Ins. Corp., 139 F.3d 696, 699 (9th Cir. 1998).

In summary, to distinguish a direct from a derivative claim, one must determine who was injured. If the company was injured, the claim belongs to the company and an individual member can assert it only derivatively. If the member's alleged injury consists of lost value of its membership interest in the company, the direct injury is still to the company, and the member's claim is derivative. If the member was hurt and the company was not, the claim is direct. If the member was injured beyond a diminution of the value of the member's interest in the company, the "excess" portion of the claim is direct.

Although Chambrella says that direct and derivative claims "can only be

4

[distinguished] by a close reading of the complaint," 69 Haw. at 1015, the court also looked to the parties' trial memoranda, id., and the evidence offered at trial, id. at 1017, to determine that some of the plaintiffs' claims were direct. If the same conduct can engender both direct and derivative liability, and the plaintiff can allege both direct and derivative claims in the same complaint, it may be impossible to ascertain from the face of the complaint which claims are direct and which are derivative. Instead, one must examine the evidence, particularly proof of damages, to make the determination.

## Mr. Cates' First Amended Complaint

Count I alleges that Visionary breached the "Definitive Investor Agreement" made by Mr. Cates and Visionary. Mr. Cates alleges that he made that agreement based on Visionary's promise to adopt and implement a particular business plan, but that Visionary later switched to a different plan over Mr. Cates' objections. A claim "based on a contract to which [the shareholder] is a party" is a direct claim, not a derivative claim, under Chambrella.

It is worth noting, however, that the same alleged conduct may give the company its own claims. For example, if the managers' decision to switch business plans were negligent, the company would have claims against them. Mr. Cates, therefore, is entitled to recover on his direct claims for breach of the

U.S. Bankruptcy Court - Hawaii   #11-90031   Dkt # 74   Filed  08/31/11   Page 5 of 11

Definitive Investor Agreement any losses that he suffered apart from any diminution in the value of his interest in the company.

Count II alleges that Visionary and the three individuals which it appointed to serve as managers of the debtor breached the debtor's operating agreement "by, among other things, interfering in Plaintiff's ability to participate in the management of the [debtor] including his right to consent to or prevent the distribution of confidential information . . . ." Under Chambrella, claims for denial of voting and participation rights are direct, not derivative. The complaint is not limited, however, to such claims. For example, claims for improper disclosure of confidential information belonging to the company are the company's claims, not Mr. Cates'. Mr. Cates is entitled to recover, as a direct claim, any loss he suffered apart from any diminution in the value of his interest in the company.

Count IV seeks relief against Visionary and its manager appointees for breach of fiduciary duties owed to Mr. Cates as a minority shareholder. Mr. Cates correctly points out that majority shareholders of a corporation owe certain fiduciary duties to minority shareholders. (The same duties probably exist between majority and minority members of a limited liability company.) But managers and members also owe fiduciary duties to the company itself. The

6

specific duties which Mr. Cates contends were breached, "the duties of good faith, fair dealing, care, loyalty, and disclosure," are owed to the company, not to any particular member. Therefore, the claims in Count IV are derivative.

Counts V, VI, and VII allege (in summary) that Visionary and its manager appointees misrepresented and concealed facts from Mr. Cates. These claims are direct in part and derivative in part. Mr. Cates alleges that the managers lied to him. Mr. Cates is entitled to recover for any harm that he suffered (apart from any diminution in the value of his membership interest in the company) as a result of the alleged misstatements and nondisclosures. The manager defendants also owed duties of truthfulness and candor to the company and to all other managers, for the benefit of the company. If and to the extent that any breach of the duty of candor caused loss to the company or a diminution in the value of its business or assets, only the company can recover such losses.

Count VIII contends that the conduct alleged in counts I through VII also amount to a civil conspiracy. The additional label does not change whether the right to recover is direct or derivative. The civil conspiracy claims are partly direct and partly derivative as set out above.

Count X asserts claims against the other defendants for tortious interference with Mr. Cates' agreements with the debtor and Visionary. Counts XI and XII

U.S. Bankruptcy Court - Hawaii   #11-90031   Dkt # 74   Filed  08/31/11   Page 7 of 11

assert claims against Visionary and its manager appointees for interfering with Mr. Cates' agreements with Visionary and the debtor and his expectation of economic advantage. These are partly direct and partly derivative claims. Mr. Cates is a party to the Definitive Investor Agreement and the employment agreement which he seeks to enforce. He is entitled to recover any loss, apart from any diminution in the value of his membership interest, which he suffered due to any breaches of those agreements. If the alleged misconduct harmed the company as a whole, however, the company is entitled to recover for that loss.

Count XIII alleges unjust enrichment, and Count XIV alleges breach of the covenant of good faith and fair dealing. These claims simply put different legal labels on the conduct that the other counts also cover. For the reasons stated above, these claims are partly direct and partly derivative.

## Visionary's Proposed First Amended Counterclaim

Visionary seeks a determination that the claims asserted in a yet-to-be filed amended counterclaim are direct and not derivative. Because Visionary does not have (and has not yet sought) the arbitrator's or the state court's permission to file the amended counterclaim, this request is somewhat speculative. In the interest of moving this dispute toward a conclusion, I will address the amended counterclaim. I do not mean to suggest, however, that the arbitrators or state court should or

U.S. Bankruptcy Court - Hawaii   #11-90031   Dkt # 74   Filed 08/31/11   Page 8 of 11

should not permit Visionary to amend its counterclaim.

Counts I though III allege that Mr. Cates made misrepresentations and concealed facts from Visionary for the purpose of inducing Visionary to enter into the Definitive Investor Agreement and form the company. Visionary is entitled to recover for any misstatements which Mr. Cates made to it. The company is not entitled to recover for conduct that occurred before the company existed. These counts state direct claims.

Counts IV and V allege that Mr. Cates breached the Definitive Investor Agreement and the implied duty of good faith and fair dealing by (in summary) obstructing the collection of information about the company's operations. Visionary is a party to the Definitive Investor Agreement and may have claims for its breach, if it can prove damages apart from diminution in value of its membership interest. But the alleged misconduct allegedly hindered the conduct and development of the company's business in general. Visionary is not entitled to a direct claim for damages consisting of any lost value of the company's business.

Count VI alleged that Mr. Cates owed duties of "good faith, trust, confidence, candor, loyalty, and care" to Visionary and that he breached those duties. The duties described by Visionary are owed to the company, not to any

9

U.S. Bankruptcy Court - Hawaii   #11-90031   Dkt # 74   Filed  08/31/11   Page 9 of 11

individual member. Count VI is therefore derivative.

Count VII alleges unjust enrichment. As in the case of Mr. Cates' first amended complaint, this claim simply puts another legal label on the conduct that the other counts also cover. For the reasons stated above, Count VII is partly direct and partly derivative.

Count VIII seeks an injunction. "Injunctive relief" is a remedy, not an independent claim. Visionary may be entitled to injunctive relief in respect of its direct claims (assuming that the generally applicable requisites are established) but not for the derivative claims.

## CONCLUSION

The existing record reflects that some of the claims are direct and others are derivative. In other instances, the result depends on what damages the parties are able to prove.

Because the remaining direct and derivative claims are so closely interwoven, and the criterion is who suffered the injury, the identification of the remaining claims should be left to the arbitrator or state court that will decide the underlying dispute. That tribunal will be in a position, when it awards any damages, to determine to whom they should be paid, and therefore which of the

U.S. Bankruptcy Court - Hawaii   #11-90031   Dkt # 74   Filed  08/31/11   Page 10 of 11

remaining claims are direct and which are derivative.

* * *

A separate order will enter granting in part and denying in part Mr. Cates' motions for declaratory judgment and to dismiss Visionary's counterclaim, and the Debtor's countermotion for declaratory judgment, as set forth above.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 08/31/2011